Nationstar Mtge., LLC v Avella (2016 NY Slip Op 05798)





Nationstar Mtge., LLC v Avella


2016 NY Slip Op 05798


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-06667
 (Index No. 67867/13)

[*1]Nationstar Mortgage, LLC, respondent,
v
Marjorie Avella, etc., appellant, et al., defendants.


Clair & Gjertsen, White Plains, NY (Lancelot E. Colquitt of counsel), for appellant.
Akerman, LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marjorie Avella appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 25, 2015, as denied that branch of her cross motion which was to dismiss the complaint for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2013, the plaintiff commenced this action to foreclose a mortgage. The defendant Marjorie Avella (hereinafter the defendant) failed to timely appear or answer the complaint (see CPLR 320[a]). Thereafter, in March 2014, the defendant, through counsel, served an answer, which alleged, as an affirmative defense, that the plaintiff lacked standing to commence this action. The plaintiff rejected the answer as untimely and advised the defendant that it would deem the untimely answer a notice of appearance by the defendant's then-counsel.
Subsequently, in February 2015, the plaintiff moved for an order of reference and the defendant cross-moved, inter alia, to dismiss the complaint on the ground that the plaintiff lacked standing to commence the action. In the order appealed from, the Supreme Court, among other things, denied the defendant's cross motion.
Since the defendant did not timely answer the complaint or timely make a pre-answer motion to dismiss the complaint, she waived the defense of lack of standing (see U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009; FCDB FF1 2008-1 Trust v Videjus, 131 AD3d 1004, 1004; Southstar III, LLC v Enttienne, 120 AD3d 1332, 1333; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 244). Prior to cross-moving, inter alia, to dismiss the complaint on the ground that the plaintiff lacked standing, the defendant did not seek an extension of time to answer (see CPLR 3012[d]), or request an extension of time within which to serve and file a pre-answer motion pursuant to CPLR 3211 to dismiss the complaint.
Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the complaint on the ground that the plaintiff lacked standing to [*2]commence the action.
In light of our determination, we need not reach the defendant's remaining contention.
MASTRO, J.P., AUSTIN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court