■ US BANK NATIONAL ASSOCIATION, Respondent, v MARIJA KONSTANTINOVIC, Appellant, et al., Defendants. [48 NYS3d 182]—

In an action to foreclose a mortgage, the defendant Marija Konstantinovic appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), entered March 16, 2015, as granted those branches of the plaintiff's motion which were to amend the caption to correct the name of the plaintiff, to vacate an order of reference of the same court (Cullen, J.) dated June 2, 2010, and for a new order of reference, and denied that branch of her cross motion which was to dismiss the complaint insofar as asserted against her as abandoned pursuant to CPLR 3215 (c) or, in the alternative, for leave to serve an answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action on April 13, 2009, to foreclose a mortgage and served the defendant Marija Konstantinovic (hereinafter the defendant) on or about May 1, 2009. The defendant did not serve an answer. In August 2009, the plaintiff moved for an order of reference, and the motion was unopposed. In a decision dated March 8, 2010, the Supreme Court determined that the plaintiff was entitled to an order of reference and directed the plaintiff to "[s]ubmit order."

An order of reference dated June 2, 2010, was filed with the Queens County Clerk.

Over four years later, on July 29, 2014, the plaintiff moved, inter alia, to vacate the order of reference, for a new order of reference, and to amend the caption, *"nunc pro tunc,* to reflect the Plaintiff['s] name as US Bank National Association, as Trustee for Adjustable Rate Mortgage Trust 2005-10, Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-10." The plaintiff's counsel affirmed that the name of the plaintiff in the caption reflected a truncated version of the plaintiff's full name, and therefore, the plaintiff sought to correct the caption to reflect the plaintiff's full name. The defendant opposed the plaintiff's motion and cross-moved, inter alia, to dismiss the complaint insofar as asserted against her as abandoned pursuant to CPLR 3215 (c) or, in the alternative, for leave to serve an answer. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. We affirm insofar as appealed from.

The Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against her as abandoned pursuant to CPLR 3215 (c). CPLR 3215 (c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c)" (*US Bank N.A. v Dorestant,* 131 AD3d 467, 469 [2015]; *see Wells Fargo Bank, N.A. v Daskal,* 142 AD3d 1071, 1072 [2016]). "Rather, it is enough that the plaintiff timely takes 'the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference' to establish that it 'initiated proceedings for entry of a judgment within one year of the default' for the purposes of satisfying CPLR 3215 (c)" (*HSBC Bank USA, N.A. v Traore,* 139 AD3d 1009, 1010 [2016], quoting *Wells Fargo Bank, N.A. v Combs,* 128 AD3d 812, 813 [2015]; *see Klein v St. Cyprian Props., Inc.,* 100 AD3d 711, 712 [2012]). In August 2009, when the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (*see* RPAPL 1321 [1]), it initiated proceedings for entry of a default judgment within one year of the defendant's default and, thus, did not abandon this action (*see* CPLR 3215

[c]; *HSBC Bank USA, N.A. v Traore,* 139 AD3d at 1011; *US Bank N.A. v Dorestant,* 131 AD3d at 469; *Wells Fargo Bank, N.A. v Combs,* 128 AD3d at 813).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion by permitting the correction of the name of the plaintiff in the caption since the correction did not affect a substantial right of the defendant (*see* CPLR 2001; *HSBC Bank USA, N.A. v Dalessio,* 137 AD3d 860, 862 [2016]). Moreover, the defendant waived her objection to the plaintiff's standing by failing to raise the objection in an answer or in a pre-answer motion to dismiss the complaint (*see* CPLR 3018 [b]; 3211 [a], [e]; *Nationstar Mtge., LLC v Avella,* 142 AD3d 594, 595 [2016]; *Bank of N.Y. Trust Co., N.A. v Chiejina,* 142 AD3d 570 [2016]; *Wells Fargo Bank Minn., N.A. v Mastropaolo,* 42 AD3d 239 [2007]). Contrary to the defendant's further contention, the plaintiff's motion was not made pursuant to CPLR 3025 (b), and therefore, the corrections to the caption made pursuant to CPLR 2001 did not provide her an opportunity to serve an answer to an amended complaint (*cf.* CPLR 3025 [d]).

The Supreme Court properly granted those branches of the plaintiff's motion which were to vacate the order of reference dated June 2, 2010, and for a new order of reference. The plaintiff's counsel affirmed that a complete signed copy of the order of reference could not be located. In this regard, the copy of the order of reference that was filed with the Queens County Clerk did not contain a signature page or a provision appointing a referee. The plaintiff demonstrated its entitlement to vacate the order of reference by establishing that the order of reference filed with the Queens County Clerk was incomplete and that it was unable to confirm, inter alia, that a proper review of the records had been undertaken by its previous counsel when previous counsel made the motion for the order of reference, as required by Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts (*see U.S. Bank N.A. v Ahmed,* 137 AD3d 1106, 1108 [2016]). Moreover, the plaintiff submitted documentary proof showing that the defendant failed to answer the complaint, that an investigation of the relevant records established that the plaintiff was the holder of the note and mortgage and that the defendant had defaulted thereon, and that the appointment of a referee to compute the amount owed in a new order of reference would be proper (*see id.* at 1108). Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.