US Bank, N.A. v Picone (2019 NY Slip Op 02141)





US Bank, N.A. v Picone


2019 NY Slip Op 02141


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-05782
 (Index No. 30843/07)

[*1]US Bank, National Association, etc., plaintiff,
v
Frederick Picone, et al., defendants; SRP 2015-1, LLC, nonparty-appellant.


Richland & Falkowski, PLLC, Astoria, NY (Michael Falkowski of counsel), for nonparty-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty SRP 2015-1, LLC, appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated December 20, 2016. The order denied the motion of nonparty SRP 2015-1, LLC, to vacate a prior order of the same court dated November 21, 2012, sua sponte, directing dismissal of the complaint, and to restore the action to the calendar.
ORDERED that the order is reversed, on the law, with costs, and the motion of nonparty SRP 2015-1, LLC, to vacate the order dated November 21, 2012, sua sponte, dismissing the complaint, and to restore the action to the calendar is granted.
The plaintiff commenced this action on October 2, 2007, to foreclose a mortgage and served the defendant Frederick Picone (hereinafter the defendant) on October 3, 2007. The defendant failed to appear or answer the complaint. In an order dated October 14, 2008, the Supreme Court granted the plaintiff's unopposed motion for an order of reference. On May 26, 2010, the plaintiff moved for leave to enter a judgment of foreclosure and sale. In an order dated April 22, 2011, the court denied the plaintiff's motion, without prejudice. On July 17, 2012, the plaintiff appeared at a compliance conference and was directed to resume prosecution of this action. By order dated November 21, 2012, the court, sua sponte, directed dismissal of the complaint on the ground that the plaintiff "without good cause or explanation, failed and neglected to comply with the express directive of the [c]ourt and has failed to resume prosecution of this action."
More than four years later, in March 2016, the plaintiff's successor-in-interest, nonparty SRP 2015-1, LLC (hereinafter the appellant), moved to vacate the order dated November 21, 2012, arguing that the Supreme Court improperly dismissed the complaint pursuant to CPLR 3216 based on lack of prosecution, and to restore the action to the calendar. The defendant did not oppose the motion. In the order appealed from, the court denied the appellant's motion, finding that it had directed dismissal of the complaint pursuant to CPLR 3215(c) as abandoned.
To the extent that CPLR 3215(c) provided the basis for the Supreme Court's November 21, 2012, order, the court should not have denied the appellant's motion to vacate that order and to restore the action to the calendar. CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order [*2]to avoid dismissal pursuant to CPLR 3215(c) (see US Bank N.A. v Konstantinovic, 147 AD3d 1002, 1003; Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1072; US Bank N.A. v Dorestant, 131 AD3d 467, 469). Rather, it is enough that the plaintiff timely takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference to establish that it initiated proceedings for entry of a judgment within one year of the default for the purposes of satisfying CPLR 3215(c) (see HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712). Within one year after the defendant's default, the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (see RPAPL 1321[1]) and, thus, did not abandon this action (see CPLR 3215[c]; US Bank N.A. v Konstantinovic, 147 AD3d at 1003-1004; HSBC Bank USA, N.A. v Traore, 139 AD3d at 1011; US Bank N.A. v Dorestant, 131 AD3d at 469). Accordingly, the court had no basis to, sua sponte, direct dismissal of the complaint pursuant to CPLR 3215(c) as abandoned.
Furthermore, the Supreme Court was without power to direct dismissal of the complaint pursuant to CPLR 3216 on the ground of lack of prosecution. While CPLR 3216 authorizes the dismissal of a complaint for neglect to prosecute, joinder of issue and service of a 90-day notice are conditions precedent to a dismissal under that statute (see CPLR 3216[b]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 18; Lopez v Imperial Delivery Serv., 282 AD2d 190, 194; see generally Cadichon v Facelle, 18 NY3d 230). Here, dismissal was improper, as issue was never joined in the action (see CPLR 3216[b][1]; Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d 803; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110; Dailey v Smiley, 65 AD2d 915).
Accordingly, the appellant's motion to vacate the order dated November 21, 2012, sua sponte, directing dismissal of the complaint, and to restore the action to the calendar should have been granted.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court