Wells Fargo Bank, N.A. v Abakporo (2020 NY Slip Op 04512)





Wells Fargo Bank, N.A. v Abakporo


2020 NY Slip Op 04512


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-01967
2018-01969
 (Index No. 16840/08)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Theophine Abakporo, appellant, et al., defendants.


Chidi Eze, Brooklyn, NY, for appellant.
McCabe Weisberg & Conway, P.C. (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Theophine Abakporo appeals from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated October 26, 2017, and (2) a judgment of foreclosure and sale of the same court dated October 27, 2017. The order, insofar as appealed from, granted the plaintiff's motion for a judgment of foreclosure and sale and denied those branches of that defendant's cross motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to vacate an order of the same court (Bert A. Bunyan, J.) dated August 20, 2009, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against him and for an order of reference. The judgment of foreclosure and sale, upon the order dated October 26, 2017, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order dated October 26, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated October 26, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In June 2008, the plaintiff commenced this action to foreclose a mortgage against, among others, Theophine Abakporo (hereinafter the defendant), alleging that he defaulted on his residential mortgage payment obligations. The defendant failed to timely appear or answer the complaint. In an order dated August 20, 2009, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant and for an order of [*2]reference. On October 9, 2012, the defendant's counsel filed a notice of appearance in the action, which did not include an objection to personal jurisdiction. On July 23, 2015, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to vacate the order dated August 20, 2009. In an order dated October 26, 2017, the court granted the plaintiff's motion for a judgment of foreclosure and sale and denied the defendant's cross motion. The court then issued a judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals.
We agree with the Supreme Court's determination that the defendant waived any claim that the court lacked personal jurisdiction over him. "[A]n appearance of the defendant is equivalent to personal service of the summons upon him [or her], unless an objection to jurisdiction under paragraph eight of subdivision (a) of [CPLR] 3211 is asserted by motion or in the answer as provided in [CPLR] 3211" (CPLR 320[b]). Here, the defendant's attorney appeared in the action on the defendant's behalf by filing a notice of appearance on October 9, 2012, and did not move to dismiss the complaint due to lack of personal jurisdiction at that time or assert lack of personal jurisdiction in a responsive pleading (see U.S. Bank N.A. v Adolphe, 170 AD3d 1236, 1237; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182).
The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was to vacate the order dated August 20, 2009, granting the plaintiff's motion, inter alia, for leave to enter a default judgment against him and for an order of reference. "Under CPLR 5015(a), a court is empowered to vacate a default judgment [or order] for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see CPLR 5015[a]; Nationstar Mtge., LLC v Russo, 167 AD3d 913, 915). "However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment [or order] may be vacated, and a court may vacate its own judgment [or order] for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d 710, 711; see Woodson v Mendon Leasing Corp., 100 NY2d at 68). Although the Supreme Court has "an inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice" (Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885), "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Russo, 167 AD3d at 915).
Here, lack of personal jurisdiction, a defense the defendant waived, was the only ground set forth in CPLR 5015(a) that he raised in support of his motion for vacatur (see Wells Fargo Bank Minn., N.A. v Dorestant, 36 AD3d 692, 693; Lomando v Duncan, 257 AD2d 649, 650). Additionally, the defendant "failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice" (Nationstar Mtge., LLC v Russo, 167 AD3d at 915; see Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 938-939).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for a judgment of foreclosure and sale and to deny those branches of the defendant's cross motion which were to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to vacate the order dated August 20, 2009.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court