U.S. Bank N.A. v Carlin (2020 NY Slip Op 05077)





U.S. Bank N.A. v Carlin


2020 NY Slip Op 05077


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12190
 (Index No. 1161/09)

[*1]U.S. Bank National Association, etc., appellant,
v
William J. Carlin, Jr., etc., et al., defendants; William Laufer, nonparty-respondent.


Woods Oviatt Gilman LLP, Rochester, NY (Yimell M. Suarez Abreu of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated July 16, 2018. The order denied the plaintiff's motion for leave to renew and reargue its prior motion to vacate an order of the same court (Francis A. Nicolai, J.) dated April 2, 2012, sua sponte, directing dismissal of the amended complaint pursuant to CPLR 3216, which had been denied in an order of the same court (Paul I. Marx, J.) dated November 9, 2016.
ORDERED that the appeal from so much of the order dated July 16, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507); and it is further,
ORDERED that the order dated July 16, 2018, is affirmed insofar as reviewed, without costs or disbursements.
In April 2009, the plaintiff commenced this action to foreclose a mortgage against Beverly Laufer, among others. Laufer died on August 30, 2009. On January 31, 2011, the Surrogate's Court granted the plaintiff's petition to designate William J. Carlin, Jr., Commissioner of Finance of Putnam County (hereinafter the administrator), as the temporary administrator of Laufer's estate for the sole purpose of accepting service of process in this action. In an order dated February 23, 2011, the Supreme Court granted the plaintiff's motion for leave to amend the complaint to substitute the administrator in place of Laufer as a defendant in this action.
In an order dated April 2, 2012 (hereinafter the order of dismissal), the Supreme Court, sua sponte, directed dismissal of the complaint pursuant to CPLR 3216 on the ground that the plaintiff had failed to prosecute the action. The court stated "that a Notice To Resume Prosecution And File Note Of Issue was issued by this Court and received by plaintiff's attorney more than ninety days prior to the date of this Order."
On February 9, 2016, the plaintiff moved to vacate the order of dismissal. In an order dated November 9, 2016, the Supreme Court denied the motion, concluding that counsel who [*2]submitted the motion on the plaintiff's behalf was not the plaintiff's counsel of record and, thus, was not authorized to do so. The court further determined that, "[e]ven if [counsel] could have properly brought the motion, the motion must be denied as untimely, because it was filed almost four years after Plaintiff's default."
In June 2017, the plaintiff moved for leave to renew and reargue its motion to vacate the order of dismissal. In support, the plaintiff submitted a consent to change attorney form. The plaintiff argued, inter alia, that the 90-day demand served by the Supreme Court prior to the order of dismissal failed to identify the conduct that constituted the plaintiff's neglect. The plaintiff did not address the untimeliness of its prior motion to vacate the order of dismissal. In an order dated July 16, 2018, the court denied the plaintiff's motion for leave to renew and reargue, noting that the plaintiff failed to furnish the court with a full set of papers from the prior motion. The plaintiff appeals.
Initially, the appeal from so much of the order as denied that branch of the motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507).
We agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for leave to renew. As the court correctly concluded, the plaintiff's papers on its motion, inter alia, for leave to renew were insufficient, as they did not include the plaintiff's prior motion papers in this non-e-filed case (see Morgan Stanley Mtge. Loan Trust [2007-8XS] v Harding, 141 AD3d 511, 512). In any event, in support of its motion, inter alia, for leave to renew, the plaintiff failed to address the timeliness of its prior motion to vacate its default (see CPLR 5015[a][1]; Nahmani v Town of Ramapo, 262 AD2d 291). The plaintiff's argument that the prior motion was timely because the order of dismissal was never served or entered, raised for the first time on appeal, is not properly before this Court (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889).
The plaintiff further argues that the dismissal pursuant to CPLR 3216 was invalid because the 90-day demand to resume prosecution issued by the Supreme Court failed to identify the conduct that constituted the plaintiff's failure to prosecute the case pursuant to CPLR 3216(b)(3). However, the plaintiff failed to submit that 90-day demand with its motion papers, and thus, the argument cannot be addressed.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court