Sportelli v Koblenz (2020 NY Slip Op 05965)





Sportelli v Koblenz


2020 NY Slip Op 05965


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-02558 
2019-05895
 (Index No. 707686/17)

[*1]Pasquale Sportelli, respondent-appellant,
v
Jessica Koblenz, appellant-respondent.


Bartlett LLP, White Plains, NY (David C. Zegarelli and Brian E. Lee of counsel), for appellant-respondent.
Offit Kurman, New York, NY (Brendan Marx and Umar A. Sheikh of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, (1) the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered July 31, 2018, and (2) the defendant appeals from an order of the same court entered March 6, 2019. The order entered July 31, 2018, denied the defendant's motion pursuant to CPLR 3012(b) to dismiss the action, and granted the plaintiff's cross motion pursuant to CPLR 3012(d) for an extension of time to serve the complaint. The order entered March 6, 2019, denied the defendant's motion to dismiss the action for the plaintiff's failure to comply with the order entered July 31, 2018, or alternatively, for leave to reargue her prior motion pursuant to CPLR 3012(b) to dismiss the action, which was denied in the order entered July 31, 2018.
ORDERED that the cross appeal by the plaintiff from the order entered July 31, 2018, is dismissed, as the plaintiff is not aggrieved by the order (see CPLR 5511); and it is further,
ORDERED that the order entered July 31, 2018, is affirmed on the appeal by the defendant; and it is further,
ORDERED that the appeal from so much of the order entered March 6, 2019, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 6, 2019, is reversed insofar as reviewed, and that branch of the defendant's motion which was to dismiss the action for the plaintiff's failure to comply with the order entered July 31, 2018, is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff's cross appeal from the order entered July 31, 2018 (hereinafter the July 2018 order), must be dismissed, as he is not aggrieved by the order, which denied the defendant's motion pursuant to CPLR 3012(b) to dismiss the action, and granted his cross motion pursuant to [*2]CPLR 3012(d) for an extension of time to serve the complaint (see Parochial Bus Sys. Inc. v Board of Educ., 60 NY2d 539, 544-545).
Whether to excuse a plaintiff's failure to timely comply with a CPLR 3012(b) demand for a complaint is a matter within the Supreme Court's discretion (see Goodman v New York City Health & Hosps. Corp., 2 AD3d 581, 582). Here, we agree with the Supreme Court's determination in the July 2018 order that the plaintiff proffered a reasonable excuse for his delay and demonstrated that he had a potentially meritorious action (see Patouhas v Patouhas, 172 AD3d 1219, 1220).
However, the Supreme Court should have granted that branch of the defendant's second motion which was to dismiss the action based on the plaintiff's failure to comply with so much of the July 2018 order as directed him to expeditiously file and serve a signed complaint. The plaintiff failed to offer a reasonable excuse for his failure to comply with the July 2018 order directing him to expeditiously file and serve a signed complaint. The plaintiff did nothing for over six months, and then did so only in response to the defendant's second motion to dismiss the action. Since the plaintiff's excuse for his failure to comply with the July 2018 order was not reasonable, the court should have granted that branch of the defendant's motion which was to dismiss the action (see Lyons v Butler, 134 AD2d 576, 577).
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court