Deutsche Bank Natl. Trust Co. v Muzac (2022 NY Slip Op 02978)

Deutsche Bank Natl. Trust Co. v Muzac

2022 NY Slip Op 02978

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-08153
 (Index No. 2287/08)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Marie R. Muzac, respondent, et al., defendants.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.
The Armand Group, PLLC, Mount Vernon, NY (Nelcida M. Armand of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 18, 2017. The order, in effect, granted that branch of the motion of the defendant Marie R. Muzac which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Marie R. Muzac which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction is denied.
On March 9, 2006, the defendant Marie R. Muzac (hereinafter the defendant) borrowed the sum of $375,200, which was memorialized by a note and secured by a mortgage she executed encumbering certain property in Queens (hereinafter the subject property). In January 2008, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others, alleging that the defendant failed to make the payment due on October 1, 2007. According to the affidavit of service, the defendant was served with the summons and complaint by delivering a copy thereof to Melinda Jean—a person of suitable age and discretion—identified as a co-occupant of the defendant's dwelling place. When the defendant failed to interpose an answer to the complaint or to otherwise appear in the action, the plaintiff successfully moved for leave to enter a default judgment and for an order of reference. Thereafter, upon the referee's computation of the amount due to the plaintiff, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. An order and judgment of foreclosure and sale was entered on November 26, 2008.
The defendant deeded the subject property to nonparty Marie Gentillon on July 14, 2009. A foreclosure sale was scheduled for June 23, 2017. The defendant moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff opposed the motion. The Supreme Court, in effect, granted that branch of the defendant's motion. The plaintiff appeals.
An appearance of the defendant is equivalent to personal service of the summons upon him or her, unless an objection to jurisdiction pursuant to CPLR 3211(a)(8) is asserted by motion or in the answer (see Wells Fargo Bank, N.A. v Abakporo, 186 AD3d 652). Here, the plaintiff submitted evidence that the defendant served an answer upon it on or about January 20, 2015. That answer did not assert the defense of lack of personal jurisdiction. The plaintiff rejected the answer as untimely and advised the defendant that it would deem the untimely answer a notice of appearance by the defendant. The defendant did not object to the plaintiff treating her untimely answer as a notice of appearance (see HSBC USA v Lugo, 127 AD3d 502). The defendant did not assert lack of personal jurisdiction until moving, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint more than two years later (see Mid-Island Mortgage Corp. v Johnson, 175 AD3d 490). Therefore, she waived the defense of lack of personal jurisdiction (see Wells Fargo Bank, N.A. v Abakporo, 186 AD3d 652; see generally Nationstar Mtge., LLC v Avella, 142 AD3d 594).
The defendant's remaining contention is not properly before us (see U.S. Bank N.A. v Carlin, 186 AD3d 1563). The remaining branches of the defendant's motion remain pending and undecided (see OneWest Bank FSB v Perla, 200 AD3d 1052; Katz v Katz, 68 AD2d 536).
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court