Capital One N.A. v Ezkor (2022 NY Slip Op 05829)

Capital One N.A. v Ezkor

2022 NY Slip Op 05829

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-10240
 (Index No. 7706/13)

[*1]Capital One N.A., appellant, 
v
Avraham Ezkor, respondent, et al., defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John Brigandi of counsel), for appellant.
Law Office of Susie Chovev Esq., PLLC, Woodmere, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 3, 2019. The order, insofar as appealed from, granted the motion of the defendant Avraham Ezkor, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court dated September 20, 2016, and thereupon to dismiss the complaint insofar as asserted against it, inter alia, for lack of personal jurisdiction and as barred under the doctrine of res judicata.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Avraham Ezkor, in effect, pursuant to CPLR 5015(a)(4) to vacate the order of reference dated September 20, 2016, and thereupon to dismiss the complaint insofar as asserted against it, inter alia, for lack of personal jurisdiction and as barred under the doctrine of res judicata is denied.
On January 12, 2000, the defendant Avraham Ezkor (hereinafter the defendant) was incorporated under the Religious Corporations Law. On May 3, 2005, the defendant executed a note in the amount of $499,000 in favor of nonparty GreenPoint Mortgage Funding, Inc. (hereinafter Greenpoint, Inc.). The note was secured by a mortgage on certain real property located in Brooklyn.
In 2009, "Greenpoint Mortgage Funding, LLC" commenced two separate actions to foreclose the mortgage against the defendant, among others. Those two actions were discontinued "with prejudice."
In April 2013, the plaintiff, Greenpoint, Inc.'s successor-in-interest, commenced the instant action to foreclose the mortgage against the defendant, among others. The defendant failed to interpose an answer to the complaint in the instant action. In an order dated September 20, 2016, the Supreme Court granted the plaintiff's motion for an order of reference upon the defendant's default.
On April 26, 2017, an attorney for the defendant filed a notice of appearance which stated: "PLEASE TAKE NOTICE that the undersigned hereby appears for the Defendant Avraham Ezkor; and directs that all papers be served at the address indicated below."
On July 14, 2017, the defendant moved, in effect, pursuant to CPLR 5015(a)(4) to vacate the order of reference, and thereupon to dismiss the complaint insofar as asserted against it, [*2]inter alia, for lack of personal jurisdiction and as barred under the doctrine of res judicata. In an order dated January 3, 2019, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
"'By statute, a party may appear in an action by attorney (CPLR 321), and such an appearance constitutes an appearance by the party for purposes of conferring jurisdiction'" (American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181, quoting Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140; see CPLR 320[a], [b]; Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491). Here, the defendant appeared in the action by its counsel's filing of the notice of appearance dated April 26, 2017, and neither the defendant nor its attorney moved to dismiss the complaint for lack of personal jurisdiction at that time or asserted lack of personal jurisdiction in a responsive pleading. Thus, the defendant waived any objection based on lack of personal jurisdiction by failing to move to dismiss the complaint on this ground at the time its counsel filed a notice of appearance in the action or to serve an answer which raised this jurisdictional objection (see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 951; Deutsche Bank Natl. Trust Co. v Muzac, 205 AD3d 681, 682-683; Wells Fargo Bank, N.A. v Abakporo, 186 AD3d 652, 653-654; JPMorgan Chase Bank, N.A. v Soussis, 165 AD3d 1240, 1240-1241).
Moreover, having failed to interpose an answer or file a timely pre-answer motion asserting the defense of res judicata, the defendant could not properly invoke that defense without first vacating its default and obtaining leave to serve a late answer that asserts res judicata as an affirmative defense (see CPLR 3211[e]; U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1428).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the defendant's motion.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court