Fox v Gross (2023 NY Slip Op 04192)

Fox v Gross

2023 NY Slip Op 04192

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-00180
2020-05643
 (Index No. 8572/16)

[*1]Fredrick G. Fox, et al., appellants, 
v
Thomas Gross, et al., respondents, et al., defendant.

Folkenflik & McGerity LLP, New York, NY (Max Folkenflik of counsel), for appellants.
Sokoloff Stern LLP, Carle Place, NY (Steven C. Stern and Cooper Binsky of counsel), for respondents Thomas Gross and Village of Head of the Harbor, and The Law Offices of Thomas M. Volz, PLLC, Nesconset, NY (Joshua S. Shteierman of counsel), for respondent Village of Nissequogue (one brief filed).
Matthew V. Jakubowski, Town Attorney, Smithtown, NY (Jennifer A. Juengst of counsel), for respondents Thomas Lohmann and Town of Smithtown.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated November 6, 2019, and (2) an order of the same court dated May 27, 2020. The order dated November 6, 2019, denied the plaintiffs' motion for leave to renew and reargue (1) their opposition to the separate motions of the defendants Thomas Gross and Village of Head of the Harbor, the defendants Thomas Lohmann and Town of Smithtown, and the defendant Village of Nissequogue pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them for failure to timely serve the complaint, which had been granted in an order of the same court dated March 28, 2019, and (2) their cross-motion to compel those defendants to accept the untimely complaint and for leave to serve a late notice of claim on behalf of the plaintiff Foxies on the Beach, Inc., which had been denied in the order dated March 28, 2019. The order dated May 27, 2020, insofar as appealed from, denied the plaintiffs' motion for leave to renew and reargue their prior motion for leave to renew and reargue.
ORDERED that on the Court's own motion, the notices of appeal dated January 2, 2019, and July 9, 2020, are deemed also to be notices of appeal by the plaintiff Foxies on the Beach, Inc. (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the appeal from so much of the order dated November 6, 2019, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see U.S. Bank N.A. v Carlin, 186 AD3d 1563); and it is further,
ORDERED that the appeal from so much of the order dated May 27, 2020, as denied [*2]that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see id.); and it is further,
ORDERED that the order dated November 6, 2019, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying those branches of the plaintiffs' motion which were for leave to renew their opposition to the separate motions of the defendants Thomas Gross and Village of Head of the Harbor, the defendants Thomas Lohmann and Town of Smithtown, and the defendant Village of Nissequogue pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them for failure to timely serve the complaint and that branch of the plaintiffs' cross-motion which was to compel those defendants to accept the untimely complaint, and substituting therefor a provision granting those branches of the motion and, upon renewal, vacating the determination in the order dated March 28, 2019, granting the prior motions and denying that branch of the prior cross-motion, and thereupon denying the prior motions and granting that branch of the prior cross-motion; as so modified, the order dated November 6, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that the appeal from so much of the order dated May 27, 2020, as denied that branch of the plaintiffs' motion which was for leave to renew their prior motion for leave to renew and reargue their opposition to the separate motions of the defendants Thomas Gross and Village of Head of the Harbor, the defendants Thomas Lohmann and Town of Smithtown, and the defendant Village of Nissequogue pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them for failure to timely serve the complaint and that branch of the plaintiffs' cross-motion which was to compel those defendants to accept the untimely complaint is dismissed as academic in light of our determination on the appeal from the order dated November 6, 2019; and it is further,
ORDERED that the order dated May 27, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the respondents appearing separately and filing separate briefs.
"To avoid dismissal of an action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669; see Lobel v Hilltop Vil. Coop., No. 4, 138 AD3d 938; Telian v Freund, 129 AD3d 828; Carducci v Russell, 120 AD3d 1375, 1375-1376). The determination of what constitutes a reasonable excuse for a delay in serving a complaint after a demand is made is within the discretion of the court (see Castor v Cuevas, 137 AD3d 734; Khamis v Corporate Transp. Group, Ltd., 135 AD3d 825, 826). "When exercising its discretion in this regard, a court should consider all relevant factors, including the extent of the delay, the prejudice to the opposing party, and the lack of an intent to abandon the action" (Mitrani Plasterers Co., Inc. v SCG Contr. Corp., 97 AD3d 552, 552). 
Here, the Supreme Court should have granted those branches of the plaintiffs' motion which were for leave to renew their opposition to the separate motions of the defendants Thomas Gross and Village of Head of the Harbor, the defendants Thomas Lohmann and Town of Smithtown, and the defendant Village of Nissequogue (hereinafter collectively the defendants) pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them for failure to timely serve the complaint and that branch of the plaintiffs' cross-motion which was to compel the defendants to accept the untimely complaint. The plaintiffs presented new facts regarding their excuse for the delay in serving the complaint that would change the prior determination, and the excuse of law office failure was a reasonable justification under the circumstances (see CPLR 2221[e][2]; Castor v Cuevas, 137 AD3d 734).
Upon renewal, we deny the defendants' separate motions to dismiss the action insofar as asserted against each of them for failure to timely serve the complaint and grant that branch of the [*3]plaintiffs' cross-motion which was to compel the defendants to accept the untimely complaint. In light of all the relevant circumstances, including the lack of prejudice to the defendants and the absence of any evidence that the plaintiffs intended to abandon the action, the plaintiffs presented a reasonable excuse for the delay in serving the complaint (see CPLR 2005; Castor v Cuevas, 137 AD3d 734; Mitrani Plasterers Co., Inc. v SCG Contr. Corp., 97 AD3d 552). Moreover, the plaintiffs established a potentially meritorious cause of action (see generally Elie v City of New York, 183 AD3d 867).
The plaintiffs' remaining contention is without merit.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court