Miller v Stony Brook Sch. (2024 NY Slip Op 04385)

Miller v Stony Brook Sch.

2024 NY Slip Op 04385

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08966

[*1]David Miller, appellant, 
v
Stony Brook School, respondent, et al., defendants. (Suffolk County Index No. 611020/21)

Herman Law (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Greg Freedman], of counsel), for appellant.
Volz & Vigliotta, PLLC, Nesconset, NY (Joshua S. Shteierman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Part CVA-R) (Steven M. Jaeger, J.), dated December 1, 2021. The order granted the motion of the defendant Stony Brook School pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against it for failure to timely serve the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Stony Brook School pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against it for failure to timely serve the complaint is denied.
In June 2021, the plaintiff commenced this action to recover damages for negligence by filing a summons with notice and moved for leave to proceed anonymously. On June 23, 2021, the defendant Stony Brook School (hereinafter the defendant) served a demand for the complaint upon the plaintiff. In August 2021, the plaintiff served the complaint upon the defendant. Thereafter, the defendant moved pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against it, arguing that the complaint was not served within the 20-day period after the demand was served. In an order dated December 1, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"To avoid dismissal of an action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action" (Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669; see Fox v Gross, 219 AD3d 584, 585-586). The determination of what constitutes a reasonable excuse for a delay in serving a complaint after a demand is made is within the discretion of the court (see Castor v Cuevas, 137 AD3d 734; Khamis v Corporate Transp. Group, Ltd., 135 AD3d 825, 826).
Here, the plaintiff proffered a reasonable excuse for the delay in serving the complaint, as the plaintiff's motion for leave to proceed anonymously was not decided until after the 20-day period to comply with the defendant's demand for the complaint had expired (see C.N. v West Islip Union Free Sch. Dist., 215 AD3d 684, 685). The plaintiff also demonstrated that he had a [*2]potentially meritorious cause of action (see Sportelli v Koblenz, 187 AD3d 1088, 1090). Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against it for failure to timely serve the complaint.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court