Lowenhaupt v North Shore Univ. Hosp. (Northwell Health) (2025 NY Slip Op 06852)

Lowenhaupt v North Shore Univ. Hosp. (Northwell Health)

2025 NY Slip Op 06852

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11786
2023-11788
2023-11789
 (Index No. 726648/22)

[*1]Henry N. Lowenhaupt, appellant, 
v
North Shore University Hospital (Northwell Health), respondent.

Harding Mazzotti, LLP, Albany, NY (Melanie J. Lazarus and Kelly A. Magnuson of counsel), for appellant.
Rubin Paterniti Gonzalez Rizzo Kaufman LLP, New York, NY (Jonathan Waldauer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from two orders of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), both entered August 25, 2023, and a judgment of the same court entered September 19, 2023. The first order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3012(b) to dismiss the complaint for failure to timely serve the complaint. The second order denied the plaintiff's motion pursuant to CPLR 2004 and, in effect, 3012(d) to extend the time to serve the complaint upon the defendant and to compel the defendant to accept late service of the complaint. The judgment, upon the orders, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, that branch of the defendant's motion which was pursuant to CPLR 3012(b) to dismiss the complaint for failure to timely serve the complaint is denied, the plaintiff's motion pursuant to CPLR 2004 and, in effect, 3012(d) to extend the time to serve the complaint upon the defendant and to compel the defendant to accept late service of the complaint is granted, the complaint is reinstated, and the orders are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff allegedly was injured as a result of negligence and medical malpractice while receiving treatment in the defendant's emergency department in December 2019 when a [*2]member of the defendant's staff discarded a severed portion of the plaintiff's finger. On December 19, 2022, the plaintiff commenced this action by filing a summons with notice, which was served on the defendant on April 13, 2023. On May 5, 2023, the defendant filed a notice of appearance and demand for complaint through the New York State Courts Electronic Filing System (hereinafter NYSCEF). Pursuant to CPLR 3012(b), the plaintiff's time to serve a complaint expired 20 days later, on May 25, 2023. On June 15, 2023, the plaintiff filed a complaint through NYSCEF.
On June 20, 2023, the defendant moved, inter alia, pursuant to CPLR 3012(b) to dismiss the complaint for failure to timely serve the complaint. The plaintiff opposed the motion and moved pursuant to CPLR 2004 and, in effect, 3012(d) to extend the time to serve the complaint upon the defendant and to compel the defendant to accept late service of the complaint. In an order entered August 25, 2023, the Supreme Court, among other things, granted that branch of the defendant's motion. In a second order entered August 25, 2023, the court denied the plaintiff's motion. On September 19, 2023, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
"'To avoid dismissal for failing to timely serve a complaint after a demand has been made pursuant to CPLR 3012(b), and to be entitled to an extension of time to serve the complaint under CPLR 3012(d), a plaintiff [must] demonstrate both a reasonable excuse for the delay and a potentially meritorious cause of action'" (Belli v Belli, 207 AD3d 617, 618, quoting Percival v Northwell Health Sys., 173 AD3d 916, 917; see Fox v Gross, 219 AD3d 584, 585-586). "Generally, the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court; however, reversal is warranted where the court improvidently exercises that discretion" (Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d 1281, 1282).
Contrary to the Supreme Court's determination, the plaintiff demonstrated a reasonable excuse for the delay in serving the complaint (see Miller v Stony Brook Sch., 230 AD3d 1135, 1136). Law office failure can be a reasonable justification for untimely service of a complaint after a demand for complaint has been served (see Fox v Gross, 219 AD3d at 586). Here, the plaintiff's counsel provided a credible and detailed explanation that, as a result of an inadvertent law office error, an incorrect email address for the plaintiff's counsel was associated with NYSCEF, as a result of which the plaintiff's counsel did not receive timely notification of the electronic filing of the defendant's notice of appearance and demand for complaint, and that, upon learning of the defendant's filing, the plaintiff immediately filed the complaint (see Carrington v Northwell Health, 234 AD3d 659, 661; Fox v Gross, 219 AD3d at 586). Moreover, there was no evidence that the delay in serving the complaint caused any prejudice to the defendant (see Wang v IV-CVCF NEB REO, LLC, 227 AD3d 937, 939; Fox v Gross, 219 AD3d at 586).
The plaintiff also demonstrated that he had a potentially meritorious cause of action by submitting his verification of the complaint, his affidavit detailing the incident, and, to the extent that the action sounded in medical malpractice, an affirmation of an expert physician who opined that, based on the existing record, the defendant had deviated from the accepted standard of care with regard to preservation and evaluation of traumatically severed body parts in a hospital emergency department, resulting in injuries to the plaintiff (see Fox v Gross, 219 AD3d at 585; Piper-Rader v Muslim, 99 AD3d 686, 687).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3012(b) to dismiss the complaint for failure to timely serve the complaint and granted the plaintiff's motion pursuant to CPLR 2004 and, in effect, 3012(d) to extend the time to serve the complaint upon the defendant and to compel the defendant to accept late service of the complaint.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court