U.S. Bank Trust, N.A. v Zamis
2026 NY Slip Op 03840
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank Trust, National Association, etc., respondent,
v
Micheline Zamis, et al., defendants, Q & O Estates, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-10889, (Index No. 6369/12)
Lara J. Genovesi, J.P.
Lillian Wan
Lourdes M. Ventura
Susan Quirk, JJ.

Michael Kennedy Karlson, New York, NY, for appellant.
Margolin, Weinreb & Nierer, LLP, Syosset, NY (Seth D. Weinberg of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Q & O Estates, Inc., appeals from stated portions of an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 10, 2023. The order, inter alia, denied that branch of that defendant's motion which was to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2008, the defendant Micheline Zamis executed a note in the amount of $585,000 in favor of CitiMortgage, Inc. (hereinafter CitiMortgage). The note was secured by a mortgage on certain real property located in Brooklyn.
In June 2009, CitiMortgage commenced an action to foreclose the mortgage against Zamis, among others (hereinafter the prior action). In July 2009, Zamis transferred her interest in the property to the defendant Q & O Estates, Inc. (hereinafter the appellant). In an order dated July 28, 2011, the Supreme Court stated that in order for it to consider CitiMortgage's motion, inter alia, for an order of reference, CitiMortgage's counsel would have to comply, within 60 days of the order, with certain administrative orders promulgated by the Chief Administrative Judge of the Courts concerning residential foreclosure actions. The order twice warned that in the event CitiMortgage's counsel failed to comply, the prior action would be "dismissed with prejudice." In response to the order, CitiMortgage's counsel sent a letter to the court advising that CitiMortgage had filed a stipulation discontinuing the prior action "without prejudice." Thereafter, in an order dated August 8, 2011, the court, among other things, directed dismissal of the prior action "with prejudice."
In March 2012, the plaintiff commenced this action to foreclose the mortgage against Zamis and the appellant, among others. The appellant did not answer the complaint. In an order dated February 17, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. A judgment of foreclosure and sale was issued on July 14, 2015.
In May 2023, the appellant moved, among other things, to dismiss the complaint insofar as asserted against it on the ground that the action was barred by the doctrine of res judicata. In an order dated August 10, 2023, the Supreme Court denied the motion. This appeal from stated [*2]portions of the order ensued.
"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Wilmington Sav. Fund Socy., FSB v Sheikh, 237 AD3d 874, 875 [internal quotation marks omitted]; see Walcer v Cadbury, 225 AD3d 825, 826). "A dismissal with prejudice generally signifies that the court intended to dismiss the action on the merits (that is, to bring the action to a final conclusion against the plaintiff) and is generally afforded res judicata effect" (Asset Devs. Corp. v Grossman, 240 AD3d 559, 561 [citations omitted]; see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380).
Here, the appellant contends that this action was barred by the doctrine of res judicata due to the dismissal of the prior action with prejudice and that this Court "HAS DISCRETION TO ENFORCE RES JUDICATA EVEN IF NOT RAISED IN AN ANSWER." However, contrary to the appellant's contention, "having failed to interpose an answer or file a timely pre-answer motion asserting the defense of res judicata, the [appellant] could not properly invoke that defense without first vacating its default and obtaining leave to serve a late answer that asserts res judicata as an affirmative defense" (Capital One N.A. v Ezkor, 209 AD3d 823, 825; see CPLR 3211[e]; U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1428).
Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it on the ground that the action was barred by the doctrine of res judicata.
The appellant's remaining contentions are without merit.
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court