Nestor I, LLC v Moriarty-Gentile (2020 NY Slip Op 00421)





Nestor I, LLC v Moriarty-Gentile


2020 NY Slip Op 00421


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-06085
 (Index No. 65328/14)

[*1]Nestor I, LLC, appellant, 
v
Cathy Moriarty-Gentile, etc., et al., respondents, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Friedman Vartolo LLP [Oran Schwager], of counsel), for appellant.
Philip J. DeBellis (The Law Office of Charles Wallshein, Esq. PLLC, Melville, NY, of counsel), for respondents.
Gross Polowy, LLC, Westbury, NY (Adam Gross and Stephen J. Vargas of counsel), for amicus curiae Federal National Mortgage Association, and Burgher Gray Jaffe LLP, New York, NY (Don M. Tellock of counsel), for amicus curiae Federal Home Loan Mortgage Corporation (one brief filed).



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated April 13, 2017. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment and for an order of reference, and granted that branch of the cross motion of the defendants Cathy Moriarty-Gentile and Joseph Gentile which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendants Cathy Moriarty-Gentile and Joseph Gentile which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred is denied, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of those branches of the cross motion of the defendants Cathy Moriarty-Gentile and Joseph Gentile which were pursuant to CPLR 5015 to vacate so much of an order of the same court dated April 14, 2015, as granted the plaintiff leave to serve them by publication and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and thereafter a new determination of the plaintiff's motion for leave to enter a default judgment and for an order of reference.
In May 2007, the plaintiff's predecessor in interest, CitiMortgage, Inc. (hereinafter CitiMortgage), commenced a mortgage foreclosure action against the defendant Cathy Moriarty-Gentile (hereinafter Moriarty) and others (hereinafter the first action). The first action was discontinued without prejudice by a stipulation dated May 2, 2008.
CitiMortgage commenced a second action and a third action against Moriarty and others to foreclose the same mortgage in June 2008 and July 2008, respectively. The second action [*2]was discontinued by stipulation in October 2008, and the third action was dismissed, sua sponte,for failure to prosecute pursuant to an order dated September 21, 2012.
On July 10, 2014, the plaintiff commenced the instant action, the fourth action to foreclose the subject mortgage, against, among others, Moriarty and Joseph Gentile (hereinafter together the defendants). In an order dated April 14, 2015, the Supreme Court granted the plaintiff leave to serve the defendants by publication. That order also appointed Phillip J. DeBellis as guardian ad litem for the defendants. While DeBellis filed a notice of appearance and a preliminary report on September 4, 2015, there is no dispute that the defendants failed to answer or move to dismiss the complaint pursuant to CPLR 3211(a) within 30 days after completion of service. On or about November 20, 2015, the plaintiff moved for leave to enter a default judgment and for an order of reference. On or about April 16, 2016, the defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred, pursuant to CPLR 5015 to vacate so much of the order dated April 14, 2015, as granted the plaintiff leave to serve the defendants by publication, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order dated April 13, 2017, the Supreme Court denied the plaintiff's motion and granted that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them as time-barred. The plaintiff appeals.
CPLR 3211(e) provides that a defense based upon the statute of limitations is waived if not asserted in an answer or in a timely motion to dismiss pursuant to CPLR 3211(a). Such a motion is timely if it is made before service of the answer is required (see CPLR 3211[e]). Here, the defendants never answered the complaint, and their cross motion, inter alia, to dismiss the complaint was served at least six months after service of the answer was required. Thus, unless the defendants' default is vacated or excused, the defendants waived their statute of limitations defense, and in their cross motion, the defendants did not seek relief from that waiver. Accordingly, the Supreme Court should not have granted that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them as time-barred without first determining whether the defendants were properly held in default (see Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler , 271 AD2d 576, 577).
The plaintiff further contends that the Supreme Court erred in denying its motion for leave to enter a default judgment and for an order of reference. Under the circumstances of this case, the plaintiff's entitlement to that relief may depend upon whether so much of the prior order as authorized service by publication is vacated and whether it is determined that the court lacks personal jurisdiction over the defendants. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of those branches of the defendants' cross motion which were to vacate so much of the order dated April 14, 2015, as granted the plaintiff leave to serve the defendants by publication and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, which were not addressed in the order appealed from, and thereafter a new determination of the plaintiff's motion.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court