Han v New York City Tr. Auth. (2022 NY Slip Op 01737)





Han v New York City Tr. Auth.


2022 NY Slip Op 01737


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 152872/13, 595681/16 Appeal No. 15525 Case No. 2021-03884 

[*1]Ashley Han, as Administratrix of the Estate of Ki Suck Han, Se Rim Han, Plaintiffs,
v
New York City Transit Authority, Defendant-Respondent.
New York City Transit Authority, Third-Party Plaintiff-Respondent,
v
Naeem Davis, Third-Party Defendant-Appellant.


Kramer Levin Naftalis & Frankel LLP, New York (Boaz I. Cohen of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about October 1, 2021, which granted the motion of defendant/third-party plaintiff New York Transit Authority (NYCTA) to dismiss third-party defendant Naeem Davis's counterclaim against NYCTA, unanimously reversed, on the law, without costs, and the motion denied.
In March 2013, plaintiffs commenced this action for wrongful death against NYCTA after plaintiffs' decedent was pushed onto subway tracks at the 49th Street Q train station in Manhattan and struck by an oncoming train in December 2012. Issue was joined, and in September 2016, NYCTA commenced a third-party action for contribution and indemnification against Davis, who had been the person to push the decedent.
On January 14, 2021, Davis interposed a counterclaim against NYCTA. Although he admitted pushing plaintiff's decedent, he claimed that he had acted only after the decedent followed him along the subway platform, grabbed him, spit at him, threatened to kill him, and appeared to have a bulge in his pocket. According to Davis, NYCTA was negligent in failing to prevent the decedent's allegedly unruly, and inebriated conduct in the subway station. In his counterclaim, Davis — who was tried for the decedent's death and acquitted on self-defense grounds — sought damages for his emotional suffering, deprivation of freedom, tarnished reputation, and compromised employment prospects attributable to his arrest, pre-trial incarceration, and trial. The counterclaim also alleged emotional distress and mental anguish from unwanted touching and threats to his life from decedent.
On January 25, 2021 NYCTA replied to the counterclaim, denying the material allegations and, insofar as relevant to this appeal, asserting a statute of limitations affirmative defense. Thereafter, in June 2021, NYCTA moved to dismiss Davis's counterclaim as time barred under the applicable statute of limitations (CPLR 3211 [a][5]), and also for failure to state a cause of action (CPLR 3211[a][7]). Davis opposed the motion claiming that NYCTA's motion under CPLR 3211(a)(5) was untimely because it was made after service of its reply to Davis's counterclaim was required (CPLR 3012[a]) and furthermore, that the counterclaim adequately pleaded NYCTA's negligence was the proximate cause of the injuries he suffered.
NYCTA did not waive its affirmative defense under CPLR 3211(a)(5) because a defense based upon the statute of limitations is waived only if it is neither asserted in a responsive pleading or in a timely motion (Nestor I, LLC v Moriarty-Gentile, 179 AD3d 936, 938 [2d Dept 2020]). Here the affirmative defense was timely asserted in NYCTA's reply to the counterclaim. The motion to dismiss under CPLR 3211(a)(5), however, was not timely made, as required under CPLR 3211(e) (U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1426-1427 [2d Dept 2019]). Moreover, NYCTA makes no arguments about the statute of limitations in its brief. Thus, the merits [*2]of the statute of limitations defense are not before us on this appeal. We note that NYCTA may pursue relief on its statute of limitations defense by way of a summary judgment motion in the normal course of the litigation (see Bennett v Hucke, 64 AD3d 529 [2d Dept 2009]).
With respect to that aspect of its motion seeking dismissal under CPLR 3211(a)(7), which was timely (see CPLR 3211[e]), NYCTA argues that the counterclaim was properly dismissed by the trial court because Davis's own actions in pushing plaintiff onto the subway tracks was a superseding cause of his clamed injuries. We hold, however, that whether the actions taken by Davis were "extraordinary and unforeseeable" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]) cannot be determined at this procedural juncture. Affording Davis' pleading a liberal construction, accepting his factual allegations as true, and according him the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]), Supreme Court erred in granting NYCTA's motion to dismiss under CPLR 3211(a)(7), because "the facts as alleged fit within [a] cognizable legal theory" (id. at 88). In light of the particular
allegations underlying Davis' counterclaim, the fact-intensive issue of proximate cause should not have been decided at the pleading stage.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022