Bank of N.Y. Mellon v Cean (2022 NY Slip Op 02524)

Bank of N.Y. Mellon v Cean

2022 NY Slip Op 02524

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-11549
 (Index No. 5943/12)

[*1]Bank of New York Mellon, etc., respondent,
v
Cassandra N. Cean, appellant. Lawrence Katz, Cedarhurst, NY, for appellant.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stafandl of counsel), for respondent.

DECISION & ORDER
In action to foreclose a mortgage, the defendant Cassandra N. Cean appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 24, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was to vacate an order of reference of the same court entered February 15, 2017, and an order and judgment of foreclosure and sale (one paper) of the same court entered November 29, 2018.
ORDERED that the order entered July 24, 2019, is affirmed insofar as appealed from, with costs.
In May 2012, the plaintiff commenced this action against the defendant Cassandra N. Cean (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Nassau County. The defendant failed to appear or answer the complaint.
Thereafter, the plaintiff moved for leave to enter a default judgment and for an order of reference. In an order entered June 4, 2013, the Supreme Court denied the motion without prejudice to renewal. Subsequently, the plaintiff made a renewed motion for leave to enter a default judgment and for an order of reference. In an order entered December 10, 2013, the court denied the renewed motion.
By notice of motion dated October 21, 2016, the plaintiff moved for leave to reargue its renewed motion for leave to enter a default judgment and for an order of reference. By order of reference entered February 15, 2017, the Supreme Court, in effect, granted the plaintiff's motion for leave to reargue and, upon reargument, vacated the determination in the order entered December 10, 2013, and thereupon granted the plaintiff's renewed motion for leave to enter a default judgment and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. Upon the plaintiff's subsequent motion to confirm the referee's report and for a judgment of foreclosure and sale, the court entered an order and judgment of foreclosure and sale on November 29, 2018, inter alia, confirming the referee's report and directing the sale of the subject property.
By order to show cause dated March 18, 2019, the defendant moved, inter alia, to [*2]vacate the order of reference and the order and judgment of foreclosure and sale. In an order dated July 23, 2019, the Supreme Court, inter alia, denied that branch of the defendant's motion which was to vacate the order of reference and the order and judgment of foreclosure and sale. The defendant appeals.
CPLR 3215(g)(1) provides that "whenever application [for judgment by default] is made to the court or to the clerk, any defendant who has appeared is entitled to at least five days' notice of the time and place of the application, and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise" (emphasis added). A plaintiff's failure to give the defendant notice of the motion as required by CPLR 3215(g)(1) deprives the Supreme Court of jurisdiction to entertain the motion and renders any resulting order and ensuing judgment void (see Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d 924, 925). This jurisdictional issue may be raised for the first time on appeal (see Citimortgage, Inc. v Reese, 162 AD3d 847, 848).
Here, contrary to the defendant's contention, the plaintiff did not violate CPLR 3215(g)(1). The plaintiff moved for leave to enter a default judgment and for an order of reference within one year after the defendant's default in appearing or answering the complaint and, as such, was not required to serve upon the defendant notice of the motion for leave to reargue (see Confidential Lending, LLC v Nurse, 120 AD3d 739, 742; Q.P.I. Rests. v Slevin, 93 AD2d 767, 768). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was vacate the order of reference and the order and judgment of foreclosure and sale.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court