Jacobs v Gray (2022 NY Slip Op 06668)

Jacobs v Gray

2022 NY Slip Op 06668

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

533980
[*1]Robert Jacobs, Respondent,
v
Jack Joseph Gray, Also Known as Jack Gray, et al., Appellants.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Hegge & Confusione, LLC, New York City (Michael Confusione of counsel), for appellants.
Hinman, Howard & Kattell, LLP, Binghamton (Daniel R. Norton of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Richard D. Northrup Jr., J.), entered August 5, 2021 in Delaware County, which granted plaintiff's motion to hold defendant Valerie Pulver in contempt.
In 2017, a default judgment was entered against defendants. After defendants failed to satisfy this judgment, plaintiff served an information subpoena upon defendant Valerie Pulver, the spouse of defendant Jack Joseph Gray. The subpoena demanded that Pulver answer a written questionnaire appended to the subpoena, as well as submit to a deposition. Pulver answered the questionnaire in April 2019 but did not sit for a deposition. Plaintiff thereafter moved for, as relevant here, an order of contempt based upon Pulver's "false swearing in answering written questions" and her willful failure to sit for a deposition. Pulver was eventually deposed and, following the deposition, plaintiff withdrew that part of the motion seeking contempt on the basis of Pulver's failure to appear for a deposition. Supreme Court granted plaintiff's motion.[FN1] This appeal ensued.
"[F]alse swearing . . . in answering written questions
. . . shall . . . be punishable as a contempt of court" (CPLR 5251). "To sustain a civil contempt, a lawful judicial order expressing an unequivocal mandate must have been in effect and disobeyed" (McCain v Dinkins, 84 NY2d 216, 226 [1994] [citations omitted]). Contempt "must [be] establish[ed] by clear and convincing evidence," and a hearing must "be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Martin v Martin, 163 AD3d 1139, 1141 [3d Dept 2018] [internal quotation marks and citations omitted]).
Question 6 on the questionnaire asked Pulver, "What amount of income have you received from your trade or profession during 2015, 2016, and 2017?" Question 35 asked Pulver, "How do you pay for your living expenses? [Wh]at is the source of your income which you use to support yourself?" Question 36 asked Pulver, "Do you receive any money from others to help support yourself?" and also asked her to give "the amounts that such persons contribute[d] for [her] support." According to plaintiff, Pulver gave false answers on the questionnaire because she did not report various monies received as part of her responses to questions 35 or 36. In support of his motion, plaintiff relied on Pulver's deposition testimony wherein she stated that she received money from her sister, as well as from a company owned by an associate of Gray — neither of which was disclosed.
In opposition, defendants tendered evidence that Pulver's sister gave money to Pulver as part of a series of interest-bearing loans and that the sister expected repayment of them by Pulver. In defendants' view, the loan from Pulver's sister was a debt and did not constitute income within the meaning of question 35. Pulver also testified that she received a final loan from her sister in January 2019 and, therefore, she did not receive any money from her sister in April [*2]2019, which was when she completed the questionnaire. Defendants further pointed to Pulver's testimony wherein she stated that the money from the company was not given to Pulver, but rather given to Gray "[a]s an accommodation to [him]."
Based on the foregoing, whether plaintiff satisfied his burden of proving contempt by clear and convincing evidence cannot be summarily determined on this record. The parties offered competing, but plausible, interpretations of income as used in question 35. As such, it is unclear whether the loans from Pulver's sister should have been disclosed. Furthermore, question 35, unlike question 6, did not pose any specific timeframe and, therefore, it is also unclear whether Pulver's response should have included any monies received only in April 2019, when she completed the questionnaire, or monies received prior to that time. Defendants also provided a plausible explanation as to whether the money from the company was given to Pulver or to Gray. Accordingly, Supreme Court erred in summarily granting plaintiff's motion, and the matter must be remitted for a hearing (see Quantum Heating Servs. v Austern, 100 AD2d 843, 844 [2d Dept 1984]).
Egan Jr., J.P., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Contrary to defendants' assertion, Supreme Court did not abuse its discretion in adjourning the return date of the motion and allowing the parties to submit additional papers (see Ennis-Short v Ostapeck, 68 AD3d 1399, 1401 [3d Dept 2009]).