NYCTL 1996-1 Trust v 5200 Enters. Ltd. (2023 NY Slip Op 04210)

NYCTL 1996-1 Trust v 5200 Enters. Ltd.

2023 NY Slip Op 04210

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-07641
 (Index No. 6629/05)

[*1]NYCTL 1996-1 Trust, etc., respondents,
v
5200 Enterprises Limited, appellant, et al., defendants.

Michael L. Walker, Brooklyn, NY, for appellant.
Phillips Lytle, LLP, Rochester, NY (Julia J. Henrichs and Anthony J. Iacchetta of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a tax lien, the defendant 5200 Enterprises Limited appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 18, 2020. The order granted the plaintiffs' motion to extend their time in which to conduct a foreclosure sale and denied the defendant's cross-motion pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale for lack of personal jurisdiction, and thereupon, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, or, in the alternative, to reduce the interest accrued on the judgment of foreclosure and sale.
ORDERED that the appeal from so much of the order as denied that branch of the defendant's cross-motion which was, in the alternative, to reduce the interest accrued on the judgment of foreclosure and sale is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The defendant 5200 Enterprises Limited (hereinafter the defendant) is the owner of the subject real property located in Kings County. The City of New York issued a tax lien regarding the subject property on August 31, 1998.
On February 23, 2005, the plaintiffs commenced the instant action against the defendant, among others, to foreclose the tax lien. A process server stated in an affidavit that she served the summons and complaint on the defendant by delivering two copies to the Secretary of State on March 11, 2005. The defendant failed to answer the complaint.
The Supreme Court granted the plaintiffs' motion for an order of reference on July 19, 2005. In a judgment of foreclosure and sale entered November 10, 2005, the court confirmed the referee's report and directed the sale of the subject premises. A notice of entry of the judgment of foreclosure and sale was served on the defendant. The plaintiffs' attorney noted in an affirmation that, after the judgment of foreclosure and sale was entered, "[t]his matter was then placed on hold [*2]while further investigation was conducted into the environmental contamination at the Tax Parcel and to allow the City of New York and State of New York to conduct remediation activities at the Tax Parcel." The foreclosure sale was also delayed due to the defendant filing for bankruptcy.
On January 17, 2017, the plaintiffs moved to permit the referee to conduct the foreclosure sale. On July 12, 2017, the defendant cross-moved to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against it. The defendant argued, inter alia, that interest accrued on the judgment of foreclosure and sale should be reduced. The defendant did not raise lack of personal jurisdiction as a defense in its cross-motion. In an order dated July 20, 2017, the Supreme Court denied the defendant's cross-motion. The defendant filed a notice of appeal from that order. That appeal was never perfected and was deemed dismissed by this Court.
On August 13, 2019, the plaintiffs moved to extend their time to conduct the foreclosure sale. By order to show cause dated December 23, 2019, the defendant cross-moved pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale, and thereupon, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that the Supreme Court lacked personal jurisdiction. The defendant also sought, in the alternative, to reduce the interest accrued on the judgment of foreclosure and sale.
In an order dated August 18, 2020, the Supreme Court granted the plaintiffs' motion to extend their time to conduct the foreclosure sale and denied the defendant's cross-motion to vacate the judgment of foreclosure and sale, and thereupon, to dismiss the complaint insofar as asserted against it, or, in the alternative, to reduce the interest accrued on the judgment of foreclosure and sale. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's cross-motion which was pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale, and thereupon, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that the court lacked personal jurisdiction. "A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1129-1130). Here, the defendant failed to answer the complaint, which had been served on it in 2005. In July 2017, in response to the plaintiffs' motion to permit the referee to conduct the foreclosure sale, the defendant cross-moved to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against it. However, the defendant failed to raise lack of personal jurisdiction as a defense in that cross-motion. The defendant first claimed that the court lacked personal jurisdiction on December 23, 2019—over two years later—when it made the instant cross-motion. Thus, the court properly concluded that the defendant had waived the defense of lack of personal jurisdiction (see HSBC Bank USA, N.A. v Taub, 170 AD3d at 1129-1130).
The defendant's contention that the Supreme Court erred in denying that branch of its motion which was, in the alternative, to reduce the interest accrued on the judgment of foreclosure and sale raises an issue decided in the court's order dated July 20, 2017. As a general rule, this Court does not consider an issue on a subsequent appeal that was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Bray v Cox, 38 NY2d 350, 353; Bayview Loan Servicing, LLC v Williams, 149 AD3d 891). We decline to exercise that jurisdiction in this case (see Wells Fargo Bank, N.A. v Licurse, 211 AD3d 989, 991). Thus, we dismiss the appeal from so much of the order as denied that branch of the defendant's cross-motion which was, in the alternative, to reduce the interest on the judgment of foreclosure and sale.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court