Deutsche Bank Natl. Trust Co. v O'Connor (2024 NY Slip Op 00406)

Deutsche Bank Natl. Trust Co. v O'Connor

2024 NY Slip Op 00406

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-07433
 (Index No. 504304/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Tiny O'Connor, appellant, et al., defendants.

Tiny O'Connor, Brooklyn, NY, appellant pro se.
Greenberg Traurig, LLP, New York, NY (Sarah D. Lemon and Patrick G. Broderick of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tiny O'Connor appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated May 8, 2019. The judgment of foreclosure and sale, upon (1) an order of the same court dated November 21, 2017, inter alia, denying that defendant's motion to dismiss the complaint insofar as asserted against her, granting that branch of the plaintiff's cross-motion which was for an order of reference, and, in effect, sua sponte, directing entry of a default judgment against that defendant, (2) an order of the same court also dated November 21, 2017, referring the matter to a referee to ascertain and compute the amount due to the plaintiff, (3) an order of the same court dated December 5, 2018, denying that defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate so much of the first order dated November 21, 2017, as granted that branch of the plaintiff's cross-motion which was for an order of reference and, in effect, sua sponte, directed entry of a default judgment against that defendant, pursuant to CPLR 5015(a) to vacate that defendant's default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against that defendant, or, alternatively, pursuant to CPLR 3012(d) for leave to file a late answer, and (4) an order of the same court dated May 8, 2019, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denying the cross-motion of that defendant, inter alia, to dismiss the complaint insofar as asserted against her, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the motion of the defendant Tiny O'Connor which was pursuant to CPLR 5015(a) to vacate so much of the first order dated November 21, 2017, as granted that branch of the plaintiff's cross-motion which was for an order of reference and, in effect, sua sponte, directed entry of a default judgment against that defendant is granted, the first order dated November 21, 2017, and the orders dated December 5, 2018, and May 8, 2019, are modified accordingly, and the second order dated November 21, 2017, is vacated.
In April 2006, the defendant Tiny O'Connor (hereinafter the defendant) executed a [*2]note in the sum of $380,000 in favor of Berkshire Financial Group, Inc. The note was secured by a mortgage on certain residential property located in Brooklyn.
In August 2010, the plaintiff commenced an action against the defendant, among others, to foreclose the mortgage. In June 2013, the Supreme Court dismissed the action as abandoned pursuant to CPLR 3215(c).
In April 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant failed to timely appear or answer the complaint. By order dated December 1, 2015, the action was released from the residential foreclosure settlement part (hereinafter the settlement part).
In October 2016, the plaintiff commenced a related action against the defendant pursuant to RPAPL article 15 (hereinafter the 2016 action) to correct an assignment of mortgage to reflect that only the defendant executed the mortgage. By order dated September 14, 2017, the Supreme Court directed dismissal of the 2016 action without prejudice.
In March 2017, in this action, the defendant, who was pro se, moved pursuant to CPLR 213(4), 3211(a), 3215(c), and, in effect, 3012-b to dismiss the complaint insofar as asserted against her, inter alia, for lack of standing, as abandoned, and as time-barred. The plaintiff cross-moved, among other things, for summary judgment on the complaint and for an order of reference. The plaintiff did not seek leave to enter a default judgment against the defendant.
In an order dated November 21, 2017, the Supreme Court, inter alia, denied the defendant's motion, granted that branch of the plaintiff's cross-motion which was for an order of reference, and, in effect, sua sponte, directed entry of a default judgment against the defendant. In a second order also dated November 21, 2017, the court referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
In April 2018, the defendant, now represented by counsel, moved, inter alia, pursuant to CPLR 5015(a) to vacate so much of the first order dated November 21, 2017, as granted that branch of the plaintiff's cross-motion which was for an order of reference and, in effect, sua sponte, directed entry of a default judgment against her, pursuant to CPLR 5015(a) to vacate her default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, lack of standing, and on the ground that the action was time-barred, or, alternatively, pursuant to CPLR 3012(d) for leave to file a late answer. The plaintiff failed to oppose the motion. In an order dated December 5, 2018, the Supreme Court denied the motion.
In January 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, to dismiss the complaint insofar as asserted against her. By order dated May 8, 2019, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. In a judgment of foreclosure and sale also dated May 8, 2019, the court confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see U.S. Bank N.A. v Benitez, 211 AD3d 765, 766; HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 781). To establish sufficient cause, the plaintiff must "proffer a reasonable excuse for the delay in timely moving for a default judgment [and] demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; see HSBC Bank USA, N.A. v Cross, 205 AD3d at 781-782). Where an action is [*3]subject to a mandatory settlement conference (see CPLR 3408), motions shall be held in abeyance while conferences are held and the one-year deadline imposed by CPLR 3215(c) is tolled (see 22 NYCRR 202.12-a[c][7]; Deutsche Bank Natl. Trust Co. v Lewin, 205 AD3d 677, 679).
Here, the defendant was personally served on April 27, 2015, and defaulted by failing to appear or serve an answer within 20 days (see CPLR 320[a]). Thereafter, mandatory settlement conferences were held. By order dated December 1, 2015, the action was released from the settlement part. The plaintiff took no proceedings toward entry of a default judgment within one year of the release of the action from the settlement part on December 1, 2015.
Contrary to the Supreme Court's determination, the defendant did not waive her right to seek dismissal pursuant to CPLR 3215(c). A defendant may waive the right to seek dismissal pursuant to CPLR 3215(c) by serving an answer or taking "any other steps which may be viewed as a formal or informal appearance" (Myers v Slutsky, 139 AD2d 709, 711; see Mortgage Elec. Registration Sys., Inc. v McVicar, 203 AD3d 915, 916; Bank of Am., N.A. v Rice, 155 AD3d 593, 594). Here, the defendant did not serve an answer or participate in the action on the merits prior to moving in March 2017 to dismiss the complaint insofar as asserted against her, inter alia, as abandoned pursuant to CPLR 3215(c) (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910). The defendant's participation in settlement conferences pursuant to CPLR 3408 "did not demonstrate a clear intent to participate in the lawsuit on the merits" and thus did not constitute a formal or informal appearance in the action (Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807; see Wells Fargo Bank, N.A. v Martinez, 181 AD3d 470, 471; HSBC Bank USA, N.A. v Slone, 174 AD3d 866).
Nevertheless, dismissal pursuant to CPLR 3215(c) was not warranted. In opposition to the March 2017 motion of the defendant, the plaintiff demonstrated that, on October 21, 2016, less than one year after the action was released from the settlement part, it commenced the 2016 action pursuant to RPAPL article 15 to correct an assignment of mortgage in order to foreclose the mortgage. Thus, the plaintiff demonstrated a reasonable excuse for its failure to take proceedings for entry of a default judgment within one year of the release of the action from the settlement part and demonstrated a potentially meritorious cause of action. Accordingly, the Supreme Court properly denied that branch of the defendant's March 2017 motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
Since the defendant appeared in the action in March 2017 and participated on the merits without asserting the defense of lack of personal jurisdiction, she waived that defense (see NYCTL 1996-1 Trust v 5200 Enters. Ltd., 219 AD3d 617; Residential Credit Solutions, Inc. v Guzman, 178 AD3d 1109, 1110-1111; HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1130). Accordingly, the ground of lack of personal jurisdiction did not provide a basis to vacate so much of the first order dated November 21, 2017, as granted that branch of the plaintiff's cross-motion which was for an order of reference and, in effect, sua sponte, directed entry of a default judgment against the defendant, or to dismiss the complaint insofar as asserted against the defendant.
However, the Supreme Court should have granted that branch of the defendant's April 2018 motion which was pursuant to CPLR 5015(a) to vacate so much of the first order dated November 21, 2017, as granted that branch of the plaintiff's cross-motion which was for an order of reference and, in effect, sua sponte, directed entry of a default judgment against the defendant on the ground that she was not provided with proper notice that a default judgment could be entered against her.
"Pursuant to CPLR 3215(g)(1), 'whenever application [for judgment by default] is made to the court or to the clerk, any defendant who has appeared is entitled to at least five days' notice of the time and place of the application, and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise'" (Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d 924, 925, quoting CPLR 3215[g][1]; see Bank of N.Y. Mellon v Cean, 204 AD3d 877, 878). "'[T]he failure to provide a [*4]defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015(a)(4)'" (Blue Lagoon, LLC v Reisman, 214 AD3d 938, 940, quoting Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 125; see Amaral v Smithtown News, Inc., 172 AD3d 1287, 1289; Citimortgage, Inc. v Reese, 162 AD3d 847, 848; Deutsche Bank Natl. Trust Co. v Gavrielova, 130 AD3d 674, 676).
In cross-moving for summary judgment on the complaint and for an order of reference, the plaintiff did not seek leave to enter a default judgment against the defendant. The Supreme Court, however, determined that the defendant was in default, treated the cross-motion as seeking leave to enter a default judgment against the defendant, and, without providing notice to the defendant, in effect, sua sponte, directed entry of a default judgment against her on that basis. Thus, the defendant lacked proper notice that a default judgment could be entered against her. The defendant was entitled to such notice since more than one year had passed since her default (see CPLR 3215[g][1]; Citimortgage, Inc. v Reese, 162 AD3d at 848).
Contrary to the defendant's contention, however, the Supreme Court properly denied those branches of her April 2018 motion which were pursuant to CPLR 5015(a) to vacate her default in appearing or answering the complaint and pursuant to CPLR 3012(d) for leave to file a late answer. "A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (U.S. Bank N.A. v Nakash, 195 AD3d 651, 653 [internal quotation marks omitted]; see Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566). The defendant failed to demonstrate a reasonable excuse for her default in appearing or answering the complaint (see Citmortgage, Inc. v Barton, 212 AD3d 706, 709; U.S. Bank N.A. v Rauff, 205 AD3d 963, 965). Since the defendant failed to vacate her default, she was precluded from asserting defenses based on lack of standing and failure to comply with RPAPL 1303, 1304, 1306, and 1320 (see U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078; Citimortgage, Inc. v Pierce, 203 AD3d 878, 880; Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d 801; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704). For the same reason, the defendant was precluded from asserting a statute of limitations defense (see Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655; Nestor I, LLC v Moriarty-Gentile, 179 AD3d 936, 938) or a defense based on the plaintiff's alleged failure to comply with CPLR 3012-b (see generally Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011).
The defendant's remaining contention need not be reached in light of our determination.
Accordingly, we reverse the judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, grant that branch of the defendant's April 2018 motion which was pursuant to CPLR 5015(a) to vacate so much of the first order dated November 21, 2017, as granted that branch of the plaintiff's cross-motion which was for an order of reference and, in effect, sua sponte, directed entry of a default judgment against the defendant, modify the first order dated November 21, 2017, and the orders dated December 5, 2018, and May 8, 2019, accordingly, and vacate the second order dated November 21, 2017.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court