Wells Fargo Bank, N.A. v Dubarry (2024 NY Slip Op 04415)

Wells Fargo Bank, N.A. v Dubarry

2024 NY Slip Op 04415

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-05810
 (Index No. 603285/18)

[*1]Wells Fargo Bank, N.A., respondent,
v
James C. Dubarry, appellant, et al., defendants.

John F. Clennan, Ronkonkoma, NY, for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Yimell M. Suarez Abreu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant James C. Dubarry appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), entered April 12, 2023. The order and judgment of foreclosure and sale, upon an order of the same court (John H. Rouse, J.) dated February 4, 2020, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, in effect, to strike his affirmative defenses, and for an order of reference, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against the defendant James C. Dubarry (hereinafter the defendant), among others. The defendant interposed an answer in which he asserted, among other affirmative defenses, that the action was time-barred. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, in effect, to strike his affirmative defenses, and for an order of reference. The defendant did not oppose the motion. In an order dated February 4, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant submitted "objections to the Report of the Amount Due," contending, in effect, that the referee's report was not supported by the evidence and that the referee should have conducted a hearing. The defendant also asserted that the action was time-barred, but did not submit any evidence in support of that assertion or cross-move for any related relief. In an order and judgment of foreclosure and sale entered April 12, 2023, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
On appeal, the defendant's sole contention is that the action is time-barred. However, [*2]since the defendant failed to move pursuant to CPLR 5015 to vacate the order dated February 4, 2020, which granted that branch of the plaintiff's unopposed motion which was, in effect, to strike the defendant's affirmative defense that the action was time-barred, the defendant is precluded from raising the issue as a defense to the action (see Christiana Trust v Victor, 224 AD3d 869, 872; Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 877; Nestor I, LLC v Moriarty-Gentile, 179 AD3d 936, 938). Accordingly, we affirm the order and judgment of foreclosure and sale.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court