Jacobs v Gray (2025 NY Slip Op 00005)

Jacobs v Gray

2025 NY Slip Op 00005

Decided on January 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 2, 2025

CV-23-1455
[*1]Robert Jacobs, Respondent,
v
Jack Joseph Gray, Also Known as Jack Gray, et al., Appellants.

Calendar Date:November 13, 2024

Before:Aarons, J.P., Pritzker, Ceresia, McShan and Mackey, JJ.

Hegge & Confusione, LLC, New York City (Michael Confusione of counsel), for appellants.
Hinman, Howard & Kattell, LLP, Binghamton (Daniel R. Norton of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered July 12, 2023 in Delaware County, which denied defendants' motions to, among other things, vacate a default judgment.
In 2012, plaintiff transferred $150,000 to defendant Jack Joseph Gray as an investment in a restaurant Gray planned to open. The restaurant never materialized and, although plaintiff and Gray agreed that plaintiff's investment would be repaid to him, that did not occur. In 2016, Gray was convicted of certain crimes in connection with a scheme to defraud plaintiff and was ordered to pay $150,000 in restitution. The following year, plaintiff commenced this action against Gray and his wife, defendant Valerie Pulver, alleging that Gray had fraudulently conveyed plaintiff's investment to Pulver and that none of it had been repaid to plaintiff as required by the restitution order/judgment. Plaintiff thereafter obtained a default judgment and attempted to enforce it in various ways, during the course of which plaintiff sought to hold defendants in contempt on two occasions.[FN1] Between 2018 and 2022, defendants participated in the enforcement and contempt proceedings, first on a self-represented basis and eventually with the aid of counsel. In 2023, defendants moved to vacate the default judgment on various grounds and, upon vacatur, to dismiss the complaint. Defendants also sought sanctions due to the purported frivolous nature of the action. Supreme Court denied the motion in its entirety, and defendants appeal.
We turn first to defendants' argument that the default judgment should have been vacated under CPLR 5015 (a) (4) for lack of personal jurisdiction. Defendants contend that Supreme Court erred in finding that they waived this defense. We disagree. While a defaulting defendant does not forfeit the right to raise a personal jurisdiction objection, such an objection is waived when the defendant appears and participates in the action without seeking to vacate the default on this ground (see U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 935 [2d Dept 2024]; NYCTL 1996-1 Trust v 5200 Enters. Ltd., 219 AD3d 617, 618-619 [2d Dept 2023]; Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628 [2d Dept 2014]). Here, defense counsel filed a notice of appearance in October 2020 and thereafter engaged in the enforcement and contempt proceedings, but did not file the instant motion seeking vacatur of the default judgment and dismissal of the complaint until March 2023. As a result, defendants waived the defense of personal jurisdiction, and the aspect of their motion seeking vacatur on this basis was properly denied (see U.S. Bank N.A. v Jong Shin, 224 AD3d at 935; Capital One N.A. v Ezkor, 209 AD3d 823, 824-825 [2d Dept 2022]; JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d 1191, 1192 [2d Dept 2019]; Matter of Smith v Murphy, 161 AD3d 1174, 1175 [2d Dept 2018], lv dismissed 32 NY3d 933 [2018]).
Next, Supreme Court correctly denied the motion to the extent that it sought [*2]vacatur pursuant to CPLR 317 and 5015 (a) (1). The record demonstrates that the default judgment was entered in November 2017 and served upon defendants with notice of entry the following month. Accordingly, under either statutory provision, the filing of the instant motion in March 2023 was untimely (see State of New York v Summers, 211 AD3d 1208, 1208-1209 [3d Dept 2022], appeal dismissed 39 NY3d 1122 [2023]). With regard to that portion of defendants' motion seeking vacatur pursuant to CPLR 5015 (a) (3), under the circumstances of this case, Supreme Court providently exercised its discretion in finding that defendants failed to make the motion within a reasonable time (see Wells Fargo Bank, N.A. v Echeverria, 204 AD3d 955, 957 [2d Dept 2022]; Matter of McLaughlin, 111 AD3d 1185, 1186 [3d Dept 2013]).
As for defendants' contention that plaintiff improperly obtained a clerk's judgment because the claim was not for a sum certain (see CPLR 3215 [a]), this argument lacks merit. Plaintiff submitted a verified complaint together with the restitution order/judgment requiring Gray to pay $150,000 in restitution. The complaint alleged that plaintiff had invested those funds with Gray, who in turn transferred the entire amount to Pulver, and that no part of it had been repaid to plaintiff. Thus, "extrinsic proof was not necessary to determine the amount of damages, and, therefore, the claim was for a sum certain for which the County Clerk appropriately entered a default judgment" (Qiang Tu v Li Shen, 190 AD3d 1125, 1128 [3d Dept 2021] [internal citation omitted]). Although defendants point out that the restitution order/judgment was against Gray only and argue that he did not transfer the full $150,000 to Pulver, defendants were deemed to have admitted the factual allegations in the complaint upon their default (see Matter of Capital Equity Mgt., LLC v Sunshine, 222 AD3d 640, 642 [2d Dept 2023]). To the extent not expressly addressed herein, defendants' remaining contentions have either been rendered academic or are without merit.
Aarons, J.P., Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: One of plaintiff's contempt motions was previously before this Court (210 AD3d 1343 [3d Dept 2022]).